Veray Molinary, Demandante, Apelante y Apelado, *v.* Marín et al., Demandados, Apelados y Apelantes.

Apelación procedente de la Corte de Distrito de Aguadilla en pleito sobre bienes reservables.

No. 1533.—Resuelto en marzo 8, 1918.[1]

Bienes Reservables—Preceptos que Regulan la Acción.—Debe regularse por el artículo 936 del Código Civil Revisado, en relación con el 935, y no por el 799 ya derogado, la acción en que se reclama el cumplimiento de una obligación de reservar, cuando en las alegaciones de la demanda se establece, para demostrar el carácter reservable de la mitad de una casa, que el causante de los demandados hubo dicha mitad, en estado de viudedad, de un hijo habido en primer matrimonio, quien adquirió a la muerte de la madre; y que el demandante es el único descendiente de la cónyuge muerta.

Obligación de Reservar—Reserva Lineal o Troncal.—La obligación de reservar establecida por los artículos 935 y 936 del Código Civil es especial, pues afecta únicamente al viudo o viuda que pase a segundo matrimonio, mientras que la reserva lineal o troncal a que se refiere el artículo 799 afecta a cualquier ascendiente que se encontrare en las condiciones por él fijadas.

Id.—Cesación de Reserva—Donación.—El artículo 970 del Código Civil que declara que la reserva cesará cuando se trate de cosas dadas o dejadas por los hijos a su padre o madre sabiendo que estaban segunda vez casados, debe entenderse que se refiere a la donación y al testamento, por cuanto las cosas dadas o dejadas de otra manera están excluídas de antemano de la reserva en el artículo 969 del propio código.

Cosas—Definición de Cosas.—Para explicar el concepto de cosas pueden servir de guía los preceptos legales contenidos en el título 1, Libro II, del Código Civil.

Derecho de Reserva—Nulidad de Inscripción.—Cuando el derecho a la reserva no existe, surge como consecuencia la nulidad de la mención de ella consignada en el registro, y su consiguiente cancelación.

Id.—Expediente Posesorio—Procedimiento Inadecuado.—El expediente posesorio no es el procedimiento adecuado para la inscripción del derecho de reserva.

Los hechos están expresados en la opinión.

Abogados del demandante: Sres. *Francis & Soto.*

---

[1] En abril 15, 1918, fué denegada la reconsideración solicitada.

Abogados de los demandados: *Sres. Reichard & Reichard.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Ante la Corte de Distrito del Distrito Judicial de Aguadilla presentó demanda en 12 de abril de 1915 José Bernabé Veray Molinary contra Amelia Marín y Teresa, Ana y Francisco Veray y Marín, sobre bienes reservables, en la que alega como hechos fundamentales de su acción los siguientes:

1°. Que en el registro de la propiedad de Aguadilla aparece inscrita la casa No. 2 de la calle del Progreso de dicha ciudad, según se describe en la demanda; 2°. Que dicha finca no está gravada con carga alguna y tiene un valor de $3,000; estando inscrita la mitad de ella a favor del demandante José Bernabé Veray Molinary y la otra mitad a favor de José Veray Llamas; 3°. Que la mitad inscrita a favor de José Veray Llamas lo fué y continúa siéndolo con el carácter de bien reservable, habiéndola heredado Veray Llamas de su hijo Francisco Veray Marxuach, quien murió en estado de soltería y la hubo por herencia de Isabel Marxuach Echavarría, cuya muerte ocurrió antes que la de Francisco Veray Marxuach; 4°. Que José Veray Llamas estuvo casado en primeras nupcias con Isabel Marxuach Echavarría en cuyo matrimonio procreó tres hijos llamados Francisco, José y Francisco, los que fallecieron antes que Veray Llamas; 5°. Que los dos hijos nombrados Francisco Veray Marxuach, murieron sin haber contraído matrimonio ni dejar descendientes y que José Veray Marxuach casó con Antonia Molinary, falleciendo ambos sin dejar más descendientes que el demandante José Bernabé Veray Molinary; 6°. Que en 17 de octubre de 1911, dejó de existir José Veray Llamas, bajo testamento, estando casado al tiempo de su muerte con Amelia Marín Pérez, en cuyo testamento instituyó por herederos a sus tres hijos habidos en el matrimonio, Teresa, Ana y Francisco Veray Marín, y a su nieto el demandante José Bernabé Veray Molinary; 7°. Que José Bernabé Veray y Molinari es el único descendiente de Isabel Marxuach y Echavarría.

Alega además el demandante que los demandados desde la fecha en que ocurrió el fallecimiento de José Veray Llamas, 17 de octubre de 1911, han estado percibiendo la mitad de la renta de la casa no obstante tener derecho el demandante al cobro de ella, ascendiente esa mitad a $1,457 a razón de $35 por un período de tiempo de tres años, cinco meses y diez y nueve días.

La demanda concluye con la súplica de que se dicte sentencia con los siguientes pronunciamientos:

Que el demandante es el legítimo y único dueño de la mitad de la finca urbana que se describe en la demanda y que aparece inscrita en el registro de la propiedad a favor de José Veray Llamas con carácter de bien reservable.

Que el registrador de la propiedad del distrito de Aguadilla proceda a extender a favor del demandante la nota marginal o inscripción que proceda, a los efectos de que la dicha mitad actualmente inscrita a favor de José Veray Llamas quede inscrita a favor y nombre del demandante José Bernabé Veray y Molinary, a quien le corresponde por ser el único descendiente de Isabel Marxuach y Echavarría.

Que los demandados ni juntos ni separadamente tienen derecho a cobrar o percibir cantidad alguna por concepto de alquiler de la finca de que se trata, por no pertenecer ésta a ellos ni a ninguno de ellos.

Que se condene a los demandados a pagar al demandante la suma de $1,457 indebidamente cobrada y percibida por los demandados, con más las costas, desembolsos y honorarios de abogado que el pleito origine.

Los demandados aceptaron los hechos fundamentales de la demanda tendentes a sostener el carácter de reservable de la mitad de la finca urbana de que se trata, pero negando en absoluto que esa mitad ni parte alguna de ella tenga tal carácter, por lo que solicitaron se declarara sin lugar la demanda. Además formularon contrademanda con súplica de que se decrete que es nula y sin ningún valor ni efecto legal la inscripción de posesión de la finca urbana descrita en la

demanda y se disponga que el registrador de la propiedad cancele el asiento de posesión citado, condenando al demandante al pago de costas, gastos y honorarios de abogado, con los demás pronunciamientos de ley.

Celebrado el juicio la corte dictó sentencia en 26 de febrero de 1916, por la que desestima demanda y contrademanda, tanto en la forma como en el fondo, sin hacer especial pronunciamiento sobre costas, gastos, desembolsos y honorarios de abogados.

Contra la anterior sentencia interpusieron ambas partes recurso de apelación, la parte demandante en cuanto se desestima la demanda, y la parte demandada en cuanto se desestima la contrademanda.

La corte de Aguadilla ha decidido el caso bajo la teoría de que debe ser regulado por el artículo 936 en relación con el 935 del Código Civil reformado, mientras que el demandante-apelante sostiene que la ley aplicable es el artículo 799, pues aunque derogado por ley de 8 de marzo de 1906, no puede darse efecto retroactivo a tal derogación habiéndose originado como se originó la obligación de reservar en el año de 1890 en que ocurrió el fallecimiento de Francisco Veray Marxuach. El artículo 3 del mismo código prescribe que las leyes no tendrán efecto retroactivo a no disponerse expresamente lo contrario, sin que en caso alguno pueda el efecto retroactivo de una ley perjudicar los derechos adquiridos al amparo de una legislación anterior.

· Los artículos 799, 935 y 936 que dejamos citados, dicen así:

"Art. 799.—El ascendiente que heredare de su descendiente bienes que éste hubiere adquirido por título lucrativo de otro ascendiente, o de un hermano, se halla obligado a reservar los que hubiere adquirido por ministerio de la ley en favor de los parientes que estén dentro del tercer grado y pertenezcan a la línea de donde los bienes proceden."

"Art. 935.—El viudo o viuda que pase a segundo matrimonio estará obligado a reservar a los hijos y descendientes del primero la propiedad de todos los bienes que haya adquirido de su difunto con-

sorte por testamento, por sucesión intestada, donación u otro cualquier título lucrativo; pero no su mitad de gananciales.

"Art. 936.—La disposición del artículo anterior es aplicable a los bienes que por los títulos en él expresados haya adquirido el viudo o viuda de cualquiera de los hijos de su primer matrimonio, y los que haya habido de los parientes del difunto por consideración a éste."

Consideradas en relación con los preceptos legales transcritos, las alegaciones de la demanda en que se establece para demostrar el carácter de reservable de la mitad de la casa número 2 de la calle del Progreso de Aguadilla, que José Veray Llamas estuvo casado en primeras nupcias con Isabel Marxuach Echavarría y que el demandante es el único descendiente de esa señora, sin gran esfuerzo se llega a la conclusión de que la acción ejercitada debe regularse según sostiene la corte de distrito por el artículo 936 del Código Civil revisado en relación con el 935, y no por el 799 ya derogado. La anterior conclusión se sostiene más si se tiene en cuenta que según certificación del Registrador de la Propiedad de Aguadilla aportada al juicio como prueba, en la inscripción de la casa de que se trata, alegada como uno de los fundamentos de la demanda, se hace constar que Veray Llamas había adquirido la mitad del valor de la casa y solar por herencia de su hijo Francisco Veray Marxuach fallecido en estado de soltería el año de 1890 y Veray y Molinary adquirió la otra mitad por herencia de su padre José Veray Marxuach fallecido en 1884, habiendo adquirido el inmueble Francisco y José Veray Marxuach de por mitad desde el año 1878 por herencia de su madre Isabel Marxuach Echavarría, teniendo la mitad correspondiente a Veray Llamas carácter de reservable por haber contraído segundo matrimonio, según todo constaba en el expediente posesorio instruído ante el Juzgado de Primera Instancia de Aguadilla, y aprobado en 18 de mayo de 1891.

Además siendo especial la obligación de reservar establecida por los artículos 935 y 936 del Código Civil, pues afecta únicamente al viudo o viuda que pase a segundo ma-

trimonio, mientras que la reserva lineal o troncal a que se refiere el artículo 799 afecta a cualquier ascendiente que se encontrare en las condiciones por él fijadas, es claro que reclamándose como se reclama en el presente caso el cumplimiento de la obligación de reservar a que se cree estaba sujeto José Veray Llamas en concepto de viudo de Isabel Marxuach, debe regularse la acción por el artículo 936 en relación con el 935 del Código Civil, y no por el 799, aunque admitamos que éste no estaba derogado en la fecha en que caso de existir se originara el derecho de reserva, fecha anterior a la de 8 de marzo de 1906 en que fué derogado ese artículo.

Y siendo ello así, también es de aplicación la excepción a la obligación de reservar consignada en el artículo 937, que reza como sigue:

"Art. 937.—Cesará la obligación de reservar cuando los hijos de un matrimonio, mayores de edad, que tengan derecho a los bienes, renuncien expresamente a él, o cuando se trate de cosas dadas o dejadas por los hijos a su padre o a su madre, sabiendo que estaban segunda vez casados."

Comentando Scaevola el artículo 970 del Código Civil Español, que es el 937 del Revisado, se expresa en los siguientes términos:

"El artículo 970 declara que la reserva cesará cuando se trate de cosas dadas o dejadas por los hijos a su padre o madre sabiendo que estaban segunda vez casados.

"Por de pronto, no puede llamarse a esto de ningún modo cesación de la reserva, puesto que lo que se hace es excluir de la misma las mencionadas cosas. Si la reserva no empieza, en cuanto a ellas, ¿cómo ha de decirse que cesa? Debe además advertirse que el Código se entrega en este artículo al lenguaje vulgar sustituyendo la nomenclatura de las cosas donadas, por la de dadas, y la de dejadas en testamento, legadas o mandadas por la de dejadas simplemente. Deberemos sin embargo, entender que se refiere a la donación y al testamento, por cuanto las cosas dadas o dejadas de otra manera están excluídas de antemano de la reserva en el artículo 969.

"Por último el código requiere que la donación o la disposición testamentaria a favor del padre para que desaparezca la reserva, han de ser otorgadas a sabiendas de que estaba casado segunda vez. * * * El código declara segregadas de la reserva las cosas donadas o dejadas en el caso de que se ocupa. * * * Donde el código dice que cesa la reserva debería y quiere decir que no empieza, que no tiene lugar. Pero el efecto es el mismo en ambos supuestos: el de que no se hallan sometidas a la reserva las cosas dadas o dejadas a conciencia de que el padre había casado segunda vez. El principio de la reserva queda parcialmente destruído; el interés de los hermanos en los bienes que pasan de su patrimonio al del padre, queda también a merced del azar de que se otorgue o no testamento; pero la disposición del código es muy clara y no abrigamos esperanza de que su aplicación se ajuste a las buenas doctrinas, contradiciendo en lo que sea necesario el texto del artículo." Scaevola, tomo 17, páginas 218, 220.

No podemos ir contra el texto del artículo transcrito, pues según el artículo 13 del mismo código, cuando la ley es clara y libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu. Para explicar el concepto de *cosas* pueden servir de guía los preceptos legales contenidos en el Título I, Libro II del Código Civil.

Bonel y Sánchez, comentando el artículo 970 del Código Civil Español, dice así:

"Elemental es cuanto se preceptúa en este artículo, y no cabe poner en duda que la obligación de reservar cesa cuando a ella renuncia aquél en cuyo favor se constituyó, siempre que éste sea mayor de edad, y espontáneamente otorgue dicha renuncia; o cuando se trata de cosas que los hijos del primer matrimonio dejaron al padre o madre sobreviviente, sabiendo que habían contraído segundas nupcias, pues la ley presume que el hijo que tal hizo con su padre o su madre demuestra su deseo de que el favorecido por tal herencia, disfrute y disponga como mejor le parezca de dichos bienes, sin consideración a la persona y línea de donde proceden." Código Civil Español, tomo 3, pág. 631.

Sentimos no estar conformes con la opinión del ilustrado

comentarista don José María Manresa y Navarro que transcribimos a continuación:

"Por último,—dice dicho comentarista,—el artículo 970 excluye de la reserva las cosas dadas o dejadas por los hijos a sus padres sabiendo que estaban segunda vez casados.

"En este caso, a pesar de adquirirse los bienes por título lucrativo y proceder de los hijos, no existe la reserva en cuanto a esos bienes, no nace en realidad, pues siendo uno de los fundamentos de la institución la presunta voluntad del causante no cabe alegarlo cuando de los actos o disposiciones de los mismos hijos se deduce una voluntad contraria, sin que el legislador deba conceder a los descendientes más protección que la que los mismos interesados quisieron prestarles.

"Por esto si alguno de los hijos constándole el segundo matrimonio de su padre o de su madre quiso dejarles o cederles gratuitamente parte de sus bienes, con preferencia a sus hermanos o sobrinos, es justo que la ley no imponga entonces la obligación de reservar esos bienes. Sin embargo, esto no puede referirse a lo que el padre o madre adquiera de sus hijos por herencia intestada o como legítima, porque entonces no son los hijos los que dan o dejan los bienes sino que es la ley quien les impone la obligación de dejarlos y por tanto no puede presumirse una voluntad que no puede existir."

La anterior doctrina no puede ser aplicable a un caso en que por precepto imperativo de la ley cesa la obligación de reservar cuando se trata de cosas dadas por los hijos a su padre o a su madre sabiendo que estaban segunda vez casados. La excepción es clara y no necesita interpretación.

Según resulta de la evidencia suministrada por los demandados, Francisco Veray Marxuach falleció en el año 1890 bajo testamento otorgado en 28 de octubre del mismo año ante el notario don Juan Arroyo Budía, en cuyo testamento, después de declarar "haber fallecido su madre, que carece de descendientes, que su padre don José Veray Llamas es su único heredero y que siempre ha vivido al calor de éste, ins-

tituye y nombra por su único y universal heredero a su referido padre Sr. Veray Llamas para que goce y disfrute libremente todos los bienes, derechos y acciones del testador.'' Y según la misma evidencia Francisco Veray Marxuach sabía que su padre José Veray Llamas estaba casado en segundas nupcias con Amelia Marín, en la que ya había procreado hijos, pues todos vivían bajo el mismo techo y la expresada señora encontrándose aquél enfermo lo asistía con asiduidad prestándole atenciones de madre hasta que ocurrió su fallecimiento.

José Veray Llamas no estaba pues en la obligación de reservar y sus herederos o causahabientes los demandados no están por tanto sujetos al cumplimiento de esa obligación. En su consecuencia la demanda ha sido bien desestimada por la corte de Aguadilla en todos los extremos que comprende.

En cuanto a la contrademanda estamos conformes con la corte inferior en que no habiéndose alegado vicio alguno de los que pueden anular la inscripción de posesión de la finca urbana de que se trata, no cabe decretar la nulidad pretendida; pero estimando como estimamos que el derecho a la reserva no existe, surge como consecuencia la nulidad de la mención de reserva consignada en la inscripción de posesión y su consiguiente cancelación en el registro, con tanto mayor motivo cuanto que un expediente posesorio no es procedimiento adecuado para la inscripción del derecho de reserva.

Por las razones expuestas es de confirmarse la sentencia apelada que dictó la Corte de Distrito de Aguadilla en 26 de febrero de 1916, en cuanto declara sin lugar la demanda, y modificarse en cuanto desestima la contrademanda, decidiendo en su lugar que aunque no cabe declarar la nulidad de la inscripción de posesión de la finca urbana de que se trata, debe declarar nula la mención de reserva consignada en esa

inscripción, como así se hará constar en el Registro de la Propiedad de Aguadilla en el modo y forma procedentes.

> *Confirmada la sentencia apelada en cuanto declara sin lugar la demanda, pero modificada en cuanto desestima la contrademanda, declarando nula la mencion de reserva consignada en la inscripción de posesión de la finca urbana.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.